This is our first case of the morning. Cantrall v. Bergner. Mr. Young, Mr. Lee, Mr. Nolan, you may proceed. Thank you, Your Honor. Good morning. I please the court, counsel. I'll be very brief on the appeal. The initial appeal brought in this case arises out of just an interpretation of a fee-shifting provision of a contract arising out of the sale of a home. In this case, a home inspector determined that there had been some wood rot. The parties entered into a repair addendum. The seller agreed to, if he was confident himself or by a qualified and reputable contractor, make repairs. He didn't do so, and he acknowledged that he didn't replace the wood. The trial court entered the judgment for $2,500 for breach of contract. We argue breach triggered the fee-shifting provision of the contract, but the trial court denied any fees at all, presumably because the fee-shifting provision contained the word may. But in this case, and as we've briefed, we think that the word may has nothing to do with trial court discretion. It has to do with whether the plaintiff is entitled to seek those fees, which we argue she was absolutely entitled to in this case. And the trial court then erred in denying all kinds of fees. The actual provision reads, all costs, expenses, and reasonable attorney's fees incurred by one party in enforcing said party's right under this contract may be recovered. It doesn't say the court may award fees. It says the party may recover fees. Under those provisions and the cases that we've cited, we think that that makes it absolutely mandatory that the trial court at least entertain the petition for fees. In this case, we had filed a motion to reconsider where the trial court even denied that, said he wouldn't even entertain an application for fees under that fee-shifting provision. It's simply a matter of law. The standard on review is de novo, and we respectfully submit that the trial court erred in his interpretation of the contract, that he had no discretion but to entertain a fee-petition award. It's not about the amount of the fees, but whether or not fees, costs, and expenses are in time to be recovered. So we'd ask you to reverse and order the trial court to hear a petition for fees. Thank you. May it please the court. Good morning, your honors. Good morning, counsel. My name is Ashton Nolan, and I represent the defendants, appellees, and cross-appellants, Daniel and Vicki Bergner. The only issue raised on appeal by the plaintiff is whether the court erred in denying her attorney's fees under the contract provision. The overarching argument which plaintiff fails to cite support for is that the plaintiff could request her fees, yet the trial court had no discretion on whether to award fees. Once she requested them, they were obligated, or it was obligated, to award her fees under the contract provision. As I stated, that goes against a plethora of unlawful case law, which states that the trial court does in fact have discretion to award fees under attorney fee provision in a contract, or under attorney fee shifting provision in a statute. Where contract language must be, as the court knows, construed by its plain and ordinary meaning, unless the words are defined differently in the contract. Black's Law Dictionary specifically states that may is to be permitted to, or the possibility of, whereas shall is mandatory, and that's how courts interpret it. The strict meaning under the contract states that any fees incurred may be recovered. May, as I stated, is possible, meaning the trial court could have awarded the plaintiff her attorney's fees. It is not in the mandatory sense as shall. Further, Illinois case law specifically states that may in private contracts is interpreted as being permissive, whereas shall is interpreted as being mandatory. Also, the 1st and 2nd District have issued cases that say may and shall do not mean the same thing in private contracts. Additionally, as far as interpretation of language in statutes and interpreting contracts, the rules are essentially the same. As such, I ask the court to look at cases that interpret mandatory versus permissive attorney's fees provisions in statutes. Goldberg v. Astor Condominium, a 1st District case, is on point as far as it interprets an attorney fee provision statute in the Condominium Act. It compares two statutes, the Condominium Act, which states shall be entitled to attorney's fees, against another act, the Magnuson-Moss Act, which says may be allowed by the court to recover fees. That case sets forth the argument that the appellees are making here, that may be recovered is permissive. The trial court had discretion under the attorney fee provision in the contract, just as the Goldberg court ruled that when it's permissive attorney's fee provision, the court has discretion. Additionally, there have been cases in Illinois where the attorney's fees provision actually states shall be entitled to their fees, and the court denied them anyway. And that has been upheld. One such case is Med Plus Neck and Back, it's a 2nd District case, where the attorney's fees provision specifically said shall be reimbursed for all reasonable expenses. There, the trial court determined that both parties were prevailing parties in the matter. In that matter, the employer won on its claim that the employee breached the contract, whereas the employee won in that the employer could not show its actual damages. It reasoned that ultimately the case was a draw, that both parties had prevailed on significant issues in the case, and that due to this, that neither party would be awarded fees. Essentially, that is what I think the trial court reasoned here. In the underlying case, the plaintiff prevailed on count 3, breach of contract. The defendants, they prevailed on counts 1 and 2. 1, the Residential Real Property Disclosure Act, and count 2, fraud. And I essentially believe that is why the trial court reasoned the way it did. Based on Illinois case law, which has been cited in the 1st and 2nd Districts, and upheld, that when a case is essentially a draw, neither party should, it is not an abuse of discretion within the trial court's arena to deny both parties' attorney's fees. And ultimately, the plaintiff's appellate brief cites many cases that do not have anything to do with attorney's fees provisions, or discussing the issue of mandatory versus permissive attorney's fees provisions. In that, there are many cases that are before 1935, which are non-binding on this court. And as the defendants have cited, current case law, which specifically deals with may versus shall argument, mandatory permissive attorney's fees provisions. We request that the court follow those cases, and as, like I said, many of the cases do not cite attorney's fees provisions. As a case of note, that plaintiff actually cites, specifically goes against their argument that once the plaintiff requests their fees, when uses the word meant, that the trial court is obligated to grant that request. They cited Inree Murrow, which is a 4th District case, that dealt with the transfer of venue of an involuntary commitment proceedings, so it doesn't deal with attorney's fees in that matter. However, it deals with a section of the Mental Health Code, and there are two sentences that are in the section together. The one states, the one provision states, may request transfer to another county. The court said that the word request means to ask for something, and it does not indicate certainty that the request will be granted. Here, the plaintiff has admitted that she had the ability to request fees, and she did. But that doesn't mean that she is entitled to those fees, and has to be granted them by the trial court. It's simply, she can request them, and the trial court then has discretion whether or not to award them. Additionally, another case cited by the plaintiff, which again goes against this argument that the plaintiff is the only one that has the discretion here to request fees and must be awarded them, is in People v. Howard. And again, that wasn't an attorney fee provision case. However, the court stated that the use of the word may was permissive, where an indefendent may submit a petition from which he may get a court order. On the other hand, the court held that the use of the word shall enter an order, instead of may have a court order entered, demonstrated the intent of the legislator in creating a mandatory as opposed to permissive statute provision. In this case, the drafters of this contract used the word may. And using the plain and ordinary meaning, because there was no other definition, it is the intent of the drafter that it be permissive. If they wished it to be mandatory, they would have used the word shall. Why do you think you're entitled to attorney fees? Yes, Your Honor. We did not initially appeal the trials court award, as I mentioned, that I believe the court reasoned that both parties were prevailing parties. However, if this court were to find that the plaintiff was entitled to her attorney fees under a permissive statute, permissive provision in the contract, the Residential Real Property Disclosure Act, which is what the defendants were cross-appealing under, they prevailed on that count. And the statute is permissive as well, but it doesn't differentiate between a prevailing buyer or seller, and it allows the prevailing party to recover its fees. If there's misconduct. Correct, Your Honor. What's the misconduct? We believe the misconduct is, well, there are multiple factors to that. One, there was evidence presented at trial that the plaintiff walked through the house, saw the watermark on the wall, received the inspection report, which stated that there was issues with the roof and that they suggested an inspection by a qualified roofer. She did not seek to get another opinion, to get it checked out. When she went back to walk through the house after the repairs were made, the watermark was still on the wall. She took no other inspection to see that the repairs were made, that, like I said, did not get the inspection done, as well as the trial court stated that if she would have used ordinary prudence in determining what the leak on the wall was, getting an inspection by a qualified roofer, that she would have known about the issue. How is that misconduct? Well, I believe that it's bad faith in that... Well, the parties came to an agreement about the addendum, I presume. The repair addendum? Correct, Your Honor. Well, what is the evidence of misconduct? Just the fact that the plaintiff was satisfied with the repair and didn't do more to make sure that it was repaired properly and have another inspection or a roofing person come in? Yes, Your Honor. I believe that had she known that... Do you have a case that says that's misconduct? No, Your Honor. The closest case that I could find was Butler v. Harris, and that's more of a in contrast case, where the court found in the Residential Real Property Act, I believe it had to do with the septic system and an issue with the septic system, I believe, an issue with the house. And the court found that due to the fact that the plaintiff, the buyer, should have known and knew, there was evidence that she knew about the issues with the system, but the defendant, they said, also knew about the issues with the septic system. And therefore, they didn't believe, even though the defendant won on that case, that they weren't entitled to these because they both knew. Here, that is not the case. There was no evidence presented that the defendants knew that they concealed any issue with the house, that they concealed any issue with the roof. In fact, they never received the inspection report. That means they didn't do anything bad. Correct, but I believe in this case, it shows that the defendants did not know, and that, in fact, the plaintiffs, she didn't know. Well, they did know because they're the ones that repaired it to begin with. They knew there was a leak. The parties came to an agreement. There was an addendum. They repaired it. Apparently, didn't repair it well enough. The plaintiff could have had that checked out, could have asked for a roofer to come in, could have followed that recommendation, but how does the failure to do that, how can you label that misconduct? Well, Your Honor, the issue was that in the repair addendum, nothing with the roof was asked to be fixed. That was the issue. So, what was fixed? There was the fascia and sockets. Which is where both parties apparently believed. The watermark was on an inside wall, and ultimately, it was determined that the entire flat roof needed to be... Ultimately? Yes. So, how is it misconduct? Well... Misconduct means more than being careless, doesn't it? Well, Your Honor, there is... Originally, there is a case that stated that it had to be misconduct based on Rule 137, which is obviously dealing with pleadings and issues like that. However, the Illinois Supreme Court stated that it doesn't have to just be with issues within the pleadings. It can also be other conduct which amounts to bad faith. And it is our argument that based on the failure to follow up, the failure that the defendants never received the inspection report, and ultimately expected when the defendants didn't know and the plaintiffs did know, that based on that, that they should be awarded their attorney's fees as the prevailing party. Anything further? No, Your Honor. Thank you. Thank you. Mr. Young? Very briefly, as to the original appeal, I agree with her that it's the intention of the parties that controls, and that is to be gleaned from the contract itself where they entered into the court in the construction of the fee-shifting contract. Secondly, on that appeal, as you mentioned, the Goldberg case is a specific case that grants the court discretion to take an action. In this case, the fee-shifting provision does not address the court. It addresses the plaintiff's right to apply for those fees. With respect to the Cross appeal, I'd like to point out that there is this case, the Crowdsack case has been filed and raised. That was raised in the last brief file, so we had no opportunity to respond to that, but that was one brought under the Koons Act, not under the Disclosure Act, where the court eventually said, well, you know, if one party can get it, we're going to imply mutuality if one party doesn't prevail. There are no cases under the disclosure provision that say that the right to recover fees for a breach of the disclosure and just failure to prevail is adequate to require that the court award fees to the, quote, prevailing party. In this case, the plaintiff basically brought an action in three different theories. The first theory was, you know, the violation of the Disclosure Act, and the trial court specifically found since the plaintiff's inspector found the reason, he found that they didn't have an obligation to update the disclosure, despite the provisions of the act which require, but under the facts here, the court found that they did not have to update the disclosure, so he held against us basically for failure of burden of proof, because we didn't show that they knew ahead of time when they made the disclosure that they knew of the leak and the problem with the roof. So while the trial court found for the same conduct, for the same acts, against the plaintiff under two of the three theories that they brought, the trial court clearly found that the defendants were guilty of misconduct. They breached their duty. They didn't perform under the contract, and when the cellar sits there closing, it says he did it. How does the plaintiff take on the responsibility to ensure that the defendant had, in fact, done other than she believed him at the party? You know, the paint thing is just a red herring. I mean, she can take a dab of paint and cover an old watermark. I don't know if there's no evidence that that was a new watermark or that somehow or another she should have inferred from the fact that the watermark was still there, which is how she raised the issue in the first place, that somehow the fact that the watermark was still there shifted a burden to her to basically ensure that the defendants did right under their agreement to make the repairs. It's clear that under any statutory provision to allow the fees that the case has decided, basically referred to Rule 137 saying if there's some sort of an errant pleading that can be assessed as brought in bad faith, some sort of knowing misconduct on the part of the pleader, then the court could allow those fees. That's not the case here at all. The defendants were guilty. They didn't make the repairs as they had agreed to make them, and the trial court's denial of attorney's fees under the statutory provisions, which are not expressed, they're trying to get it to be implied, do not apply here. There's nothing akin to Rule 137 that was invoked here. It was simply she didn't meet her burden of proof. There was no suggestion that she was somehow guilty of knowing misconduct and bringing the action in the first place. The trial court did, in fact, find that the defendants were wrong and not performing as they had agreed. That part of it's about burden of proof, not filing pleadings in bad faith, which has never been the suggestion. They just claimed that they prevailed, and therefore somehow or another the trial court should have awarded fees there. With that, we'd ask that the court reverse under the appeal and affirm on the cross appeal. Thank you.